UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENT WESTBROOK,**

    **Plaintiff,**

v.                                **Case No.: 8:23-cv-477-MSS-UAM**

**EQUIFAX INFORMATION**
**SERVICES LLC, et al.,**

    **Defendants.**
_____/

# **ORDER**

    Defendant Equifax Information Services LLC (Equifax) moves to compel Plaintiff Brent Westbrook to produce the terms of his settlement agreements with Defendants Experian Information Solutions, Inc., Trans Union LLC, and Capital One Bank (USA), N.A., and Pollack and Rosen, P.A. (collectively, the settling defendants). (Doc. 58). Mr. Westbrook opposes Equifax's motion. (Doc. 56).

    Equifax argues the settlement agreements between Mr. Westbrook and the settling defendants are discoverable because Equifax is entitled to credits for any settlements reached by Mr. Westbrook with any other party under the one satisfaction rule. (*See* Doc. 55, pp. 6–19). Equifax also argues that the terns of the settlement agreements are necessary to its defense and settlement

1

strategy. (*Id.*, pp. 9–11).

In response, Mr. Westbrook objects to producing the settlement agreements and argues the one satisfaction rule does not apply to Fair Credit Reporting Act (FCRA) claims, as raised here. (Doc. 56, pp. 3–5). Mr. Westbrook also argues that the terms of the settlement agreements are confidential and not relevant. (*Id.*, pp. 2, 6).

"[G]enerally . . . a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (citations omitted). The one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *Id.* (citations omitted).

The Eleventh Circuit has not explicitly ruled on whether the one satisfaction rule applies to FCRA cases. However, the court finds *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 WL 1331014 (N.D. Ala. Apr. 11, 2017), persuasive. There, the court found, "[the] speculative dicta [of *Sloane*][1] is not persuasive . . ., especially given the Eleventh Circuit's reasoning

---

[1] In *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), the Fourth Circuit Court of Appeals questioned whether the one satisfaction rule should

2

that the one-satisfaction rule applies to [all] federal statutory causes of action." *Id.* at *2. Given the current state of the case law, and the Eleventh Circuit opinion in *BUC Int'l Corp.*, courts in this district have concluded the one satisfaction rule applies in FCRA cases. *See Haston v. Gold Coast Fed. Credit Union*, No. 22-CV-80004, 2022 WL 17477531, at *2 (S.D. Fla. Nov. 8, 2022) ("[T]he one satisfaction rule does apply to this FCRA case"); *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2018 WL 11271518, at *1 (N.D. Ala. Mar. 30, 2018) (same).

However, the court need not decide—in this discovery dispute—whether the one-satisfaction rule applies. *See Losch v. Experian Info. Sols., Inc.*, No. 2:18-CV-809-JLB-MRM, 2021 WL 9827261, at *2 (M.D. Fla. Dec. 27, 2021) (holding the parties' dispute over the applicability of the one-satisfaction rule for an FCRA claim is more appropriately resolved on a motion in limine rather than in a pretrial discovery dispute). The settlement agreements requested here are relevant and proportional to the claims and defenses in this case under Federal Rule of Civil Procedure 26(b)(1). Equifax has adequately shown it has a particularized need to obtain the settlement agreements and it cannot obtain that information from another source.

---

apply to claims under the FCRA, stating in a footnote "[a]rguably, the one satisfaction rule does not even apply to FCRA claims." 510 F.3d at 501 n.2.

3

To the extent that Mr. Westbrook argues the settlement agreements are confidential and not subject to discovery production, the court disagrees. *See Kadiyala v. Pupke*, No. 17-80732-CIV, 2019 WL 3752654 (S.D. Fla. Aug. 8, 2019) (reviewing cases and finding no privilege protecting settlement agreements from disclosure); *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2011 WL 1979666, at *5 (S.D. Fla. May 20, 2011) ("There is nothing magical about a settlement agreement. It is ultimately just a contract between two parties . . . Rule 26 has no exception for settlement agreements."); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *3 (S.D. Fla. May 22, 2007) (holding there is "nothing magical" about settlement agreements and no binding or persuasive authority in the Eleventh Circuit instructing otherwise).

Nor is the court persuaded that such discovery is premature until the claim is adjudicated on the merits. The court agrees with Equifax that the information requested likely will factor into its defense strategy. *See Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952-SGC, 2018 WL 11271518, at *2 (N.D. Ala. Mar. 30, 2018) (rejecting the plaintiff's argument that production of settlement agreements during discovery was premature); *see also Pitt v. Hilton Grand Vacations Inc.*, No. 6:22-cv-139-PGB-LHP, 2022 WL 17251510, at *3 n.2

(M.D. Fla. Nov. 28, 2022).

Accordingly, Equifax's motion to compel (Doc. 55) is **GRANTED**. No later than **March 21, 2024**, Mr. Westbrook must produce to Equifax a copy of his settlement agreements with the settling defendants. This order does not serve to re-open discovery for any other purpose.[2]

**ORDERED** in Tampa, Florida on March 7, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] Discovery closed on February 5, 2024. (*See* Doc. 37 p. 1).