UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENT WESTBROOK,**

    Plaintiff,

v.                                     Case No: 8:23-cv-477-MSS-JSS

**CAPITAL ONE BANK (USA), N.A.,
POLLACK AND ROSEN, P.A.,
EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., and TRANS UNION LLC,**

    Defendants.

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Equifax Information Services LLC's Unopposed Motion to Seal. (Dkt. 63) In the Motion, Defendant Equifax Information Services LLC requests the Court to seal certain exhibits to its Motion for Summary Judgment, (Dkt. 58), because they contain personal identifying information of Plaintiff's. These exhibits are found at Dkts. 58-2, 58-5, and 58-9.

The Court notes that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "[T]he starting point in considering a motion to seal court records is a 'strong

presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted). As a result, good cause is required to seal any portion of the court's record. Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

The movant bears the burden of proving that such cause exists. Under Local Rule 1.11(b), absent authorization by statute, rule, or order, a Court may seal an item if (1) the party files a motion in support of the seal, (2) the motion describes the item proposed for sealing, (3) the motion states the reason why filing the item is necessary, sealing the item is necessary, and partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory, (4) the motion sets forth a proposed duration of the seal, and (5) the motion includes a legal memorandum supporting the seal. The motion must also state the name and contact information of the person authorized to retrieve a sealed, tangible item, and must certify the name and contact information of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which the movant delivered the motion to the non-party. Finally, the motion must include the item requested to be sealed.

Defendant Equifax Information Services LLC's Motion satisfies the requirements of the Local Rule, except the motion does not propose a duration for the seal. Otherwise, based on the information contained therein, Defendant Equifax Information Services LLC has met its burden of showing that good cause exists to seal the exhibits found at Dkts. 58-2, 58-5, and 58-9, attached to Defendant Equifax

- 3 -

Information Services LLC's Motion for Summary Judgment. The Court finds a seal in effect until 90 days after this case is closed and all appeals are exhausted or such later time as the Court may order is sufficient to protect Plaintiff's personal identifying information.

    Accordingly, it is hereby **ORDERED**:

1. Defendant Equifax Information Services LLC's Unopposed Motion to Seal, (Dkt. 63), is **GRANTED**; and

2. The Clerk is directed to **SEAL** Dkts. 58-2, 58-5, and 58-9, attached to Defendant Equifax Information Services LLC's Motion for Summary Judgment. (Dkt. 58) This information **SHALL REMAIN SEALED** until 90 days after this case is closed and all appeals are exhausted or such later time as the Court may order.

    **DONE and ORDERED** at Tampa, Florida this 3rd day of April 2024.

                                      MARY S. SCRIVEN
                                      UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party